UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVORIE JAWON WILLIAMS,

    Defendant.
_____/

Case No. 1:21-cr-194-1

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 103) and the parties' Joint Motion for Sentence Modification (ECF No. 109). For the reasons stated below, the Court grants the motions.[1]

### I.    BACKGROUND

In 2022, Defendant pleaded guilty to felon in possession of a firearm and ammunition (Count One) and possession of a firearm in furtherance of drug trafficking (Count Three) (ECF No. 65). On July 14, 2022, this Court sentenced Defendant to 20 months' imprisonment as to Count One and 60 months' imprisonment as to Count Three, to run consecutively (ECF No. 90).

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)," Rule 43(b)(4).

Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. The Probation Office prepared a Sentence Modification Report ("SMR"), which was filed under restricted access (ECF No. 108). The parties filed a Joint Motion for Sentence Modification (ECF No. 109), and Defendant filed a Supplement (ECF No. 110).

## II.    ANALYSIS

### A.    Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

### B.  Discussion

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points." *See* U.S.S.G. § 4A1.1(e). Under the Guidelines in effect when the Court sentenced Defendant, § 4A1.1(d) added two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, or supervised release.  Amendment 821 moved the relevant provision to

3

§ 4A1.1(e) and reduced the criminal history point from two to one or zero, depending on how many criminal history points the defendant scored under subsections (a) through (d). A defendant with less than seven criminal history points receives no additional status points under § 4A1.1.

Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the calculation of his criminal history score (ECF No. 103 at PageID.358). The author of the Sentence Modification Report posits that Defendant is eligible for a sentence reduction and recommends a reduced sentence of 16 months' imprisonment on Count One followed by a 60-month consecutive sentence on Count Three (ECF No. 108 at PageID.390). The parties agree that Defendant is eligible for a sentence reduction and request a sentence of 16 months' imprisonment on Count One, with Count Three continuing to require a 60-month consecutive sentence (ECF No. 109 at PageID.392).

At the time of sentencing, Defendant received two criminal history points based on his prior offenses and received two status points because he committed the instant offense while under a criminal justice sentence, for a total criminal history score of four and a criminal history category of III (ECF No. 108 at PageID.388–389). Applying Amendment 821, Defendant should receive the two criminal history points for his prior offenses; however, he should receive no additional status points. A total of two criminal history points results in a criminal history category of II. *See* U.S. Sent'g Guidelines, Sent'g Table. Defendant's total offense level of nineteen and a criminal history category of II results in an amended guideline range of 33 to 41 months' imprisonment. Thus, Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court determines that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(1) (where the

4

"guideline range applicable" to the defendant "has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment").

Additionally, the Court finds that a reduction of Defendant's sentence is warranted under the factors set forth in § 3553(a). The Court has considered the nature and circumstances of Defendant's offense and his history and characteristics. The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of Defendant, and to provide Defendant with needed education and training, medical care, or other correctional treatment. Further, the Court has considered the kinds of sentences available, the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in Defendant's sentence, the seriousness of Defendant's offense, and the need to protect the public.

The Court has also considered Defendant's post-sentencing conduct. While in BOP custody, Defendant has not received any disciplinary reports. He has a low risk classification level. According to the SMR, Defendant completed the requirements for a GED and participated in multiple education courses. He has also held a number of work assignment positions (ECF No. 108 at PageID.389).

Accordingly, after considering § 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in Defendant's sentence is appropriate pursuant to Amendment 821. Defendant previously received a sentence 17 months below the bottom of the guideline range as to Count

One, and thus, an appropriate reduced sentence would be 16 months as to Count One, which is 17 months below the amended guideline range.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 103) and the parties' Joint Motion for Sentence Modification (ECF No. 109) are GRANTED.  Defendant's sentence is REDUCED to 16 months' imprisonment as to Count One and 60 months' imprisonment as to Count Three, to run consecutively.  All other terms and conditions of this Court's July 14, 2022 Judgment remain the same.

Dated: November 26, 2025              /s/ Jane M. Beckering
                                                                                                              JANE M. BECKERING
                                                                                                              United States District Judge